Wallace S. NOLEN, Plaintiff–Appellant,

v.

Glenn S. GOORD Jr., George Bartlett, Floyd Bennett, Anthony J. Annucci, Dr. Lester N. Wright And Stephen Berardi, Defendants–Appellees,

John Doe and Jane Doe, Defendants.

No. 06–1233–cv.

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

David J. Seeger (Leigh E. Anderson, on the brief), Buffalo, NY, for Appellant.

Owen Demuth, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, JOSÉ A. CABRANES, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Wallace S. Nolen, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") from 1994 to 1999, appeals from a judgment of the District Court entered February 21, 2006, granting summary judgment in favor of defendants-appellees and dismissing plaintiff's claim under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendment rights. We assume the parties' familiarity with the facts and procedural history of the case.

We review de novo the District Court's grant of summary judgment, and we draw all ambiguities and reasonable inferences in plaintiff's favor. Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir.1996). Plaintiff argues on appeal (1) that he presented sufficient evidence to create a triable issue of material fact with respect to whether defendants violated his Eighth Amendment rights by failing to protect him from an assault by other inmates on June 22, 1999, and (2) that the District Court denied him meaningful discovery by not ordering defendants to provide him with certain portions of his pre-assault inmate file.

For substantially the reasons stated by the District Court, we conclude that plaintiff has failed to adduce sufficient evidence that would allow a reasonable jury to find that defendant acted with "deliberate indifference" toward plaintiff's safety. See Hayes, 84 F.3d at 620. In particular, we note that plaintiff did not file a responding statement of disputed material facts pursuant to the District Court's Local Rule 56.1, and therefore defendants' denials of any awareness as to a substantial risk of serious harm to plaintiff

may be deemed admitted. *See Farmer v. Brennan,* 511 U.S. 825, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("Because ... prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment, it remains open to the officials to prove that they were unaware even of an obvious risk to inmate health or safety."). Further, we agree that, assuming defendants had knowledge of the general "risk factors" enumerated by plaintiff, plaintiff has presented no evidence to show that the outstanding offer of voluntary protective custody made by DOCS officials approximately three months before the assault was an unreasonable response to the risk presented. *Cf. Hayes,* 84 F.3d at 617–18, 621 (reversing grant of summary judgment where prisoner was warned by DOCS official not to attend religious services due to risk of harm, informed DOCS official that he would attend regardless, but was not provided with an escort). The District Court's refusal to allow further discovery was not an abuse of discretion, *see Fonseca v. Regan,* 734 F.2d 944, 947–48 (2d Cir.1984), both because plaintiff has alleged no facts that establish that additional discovery was necessary and because any purported deficiencies in defendants' compliance with discovery orders are the result of plaintiff's failure to pursue discovery diligently.

We have considered all of plaintiff's arguments and find them to be without merit. The District Court's judgment is **AFFIRMED.**